IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BILL BLUE LORING,<br><br>Defendant. | CR 22-42-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Bill Blue Loring (Loring) has been accused of violating the conditions of his supervised release. Loring admitted alleged violations 1, 2, 3, 4 and 5. The government failed to satisfy its burden of proof with respect to alleged violation 6. Loring's supervised release should be revoked. Loring should be placed in custody for 3 months, with 33 months of supervised release to follow. Loring should serve the first 60 days of supervised release in a secure inpatient drug treatment facility such as Connections Corrections.

## II. Status

Loring pleaded guilty to Possession with the Intent to Distribute Methamphetamine on August 23, 2022. (Doc. 27). The Court sentenced Loring to

12 months and 1 day of custody, followed by 3 years of supervised release. (Doc. 37). Loring's current term of supervised release began on September 6, 2023. (Doc. 41 at 1).

**Petition**

The United States Probation Office filed a Petition on October 11, 2023, requesting that the Court revoke Loring's supervised release. (Doc. 41). The Petition alleged that Loring had violated the conditions of his supervised release: 1) by to comply with his substance abuse testing requirements; 2) by using methamphetamine and suboxone; 3) by consuming alcohol; 4) by failing to report for substance abuse treatment; 5) by failing to report for substance abuse testing; and 6) by failing to follow the instructions of his probation officer.

**Initial appearance**

Loring appeared before the undersigned for his initial appearance on October 26, 2023. Loring was represented by counsel. Loring stated that he had read the petition and that he understood the allegations. Loring waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on October 26, 2023. Loring admitted that he had violated the conditions of his supervised release: 1) by to comply with his substance abuse testing requirements; 2) by using methamphetamine and suboxone; 3) by consuming alcohol; 4) by failing to report for substance abuse treatment; and 5) by failing to report for substance abuse testing. The government failed to satisfy its burden of proof with respect to alleged violation 6. The violations that Loring admitted are serious and warrant revocation of Loring's supervised release.

Loring's violations are Grade C violations. Loring's criminal history category is I. Loring's underlying offense is a Class B felony. Loring could be incarcerated for up to 36 months. Loring could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Loring's supervised release should be revoked. Loring should be incarcerated for 3 months, with 33 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Loring should serve the first 60 days of supervised release in a secure inpatient drug treatment facility such as

Connections Corrections.

## IV. Conclusion

The Court informed Loring that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Loring of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Loring that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Loring stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Bill Blue Loring violated the conditions of his supervised release: by to comply with his substance abuse testing requirements; by using methamphetamine and suboxone; by consuming alcohol; by failing to report for substance abuse treatment; and by failing to report for substance abuse testing.

The Court **RECOMMENDS:**

> That the District Court revoke Loring's supervised release and commit Loring to the custody of the United States Bureau of Prisons for 3 months, with 33 months of supervised release to follow. Loring should serve the first 60 days of supervised release in a secure inpatient drug treatment facility such as Connections Corrections.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court Loring judge.

DATED this 27th day of October, 2023.

John Johnston
United States Magistrate Judge