IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BILL BLUE LORING,<br><br>Defendant. | CR 22-42-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.   Synopsis

Defendant Bill Blue Loring (Loring) has been accused of violating the conditions of his supervised release. (Docs. 55 and 63). Loring admitted most of the alleged violations. Loring's supervised release should be revoked. Loring should be sentenced to custody for 7 months, with no term of supervised release to follow.

## II.   Status

Loring pleaded guilty on August 23, 2022, to the offense of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). (Doc. 27). The Court sentenced Loring to custody for 12 months and one day, followed by 3 years of supervised release. (Doc. 37). Loring's current term of supervised release began on January 18, 2024.

**Petition**

On March 26, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Loring's supervised release. (Doc. 55). The Petition alleged Loring violated conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on March 19, 2025; (2) using methamphetamine on March 22, 2025; (3) entering a casino on March 24, 2025; and (4) entering a casino on March 25, 2025.

**Initial Appearance**

Loring appeared before the Court on April 9, 2025. Loring was represented by counsel.  Loring stated that he had read the Petition and that he understood the allegations against him.  Loring waived his right to a preliminary hearing.

**Revocation hearing**

Loring appeared before the Court on April 9, 2025.  The parties consented to proceed with the revocation hearing before the undersigned. Loring admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) failing to comply with substance abuse testing requirements on March 19, 2025; (2) using methamphetamine on March 22, 2025; and (3) entering a casino on March 24, 2025.  The Government moved to dismiss allegation (4), which the Court granted. Loring's admitted violations, 1, 2, and 3, are serious and warrant revocation of his supervised release. The Court continued sentencing until July 8, 2025.

**Amended Petition**

On June 25, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Loring's supervised release. (Doc. 63). The Amended Petition alleged Loring violated conditions of his supervised release by the added violation of : (5) using methamphetamine on or about June 22, 2025.

**Second Initial Appearance**

Loring appeared before the Court on July 8, 2025. Loring was represented by counsel. Loring stated that he had read the Amended Petition and that he understood the allegation against him. Loring waived his right to a preliminary hearing.

**Second Revocation hearing**

Loring appeared before the Court on July 8, 2025. The parties consented to proceed with the revocation hearing before the undersigned. The Court noted that Loring had previously admitted violations 1, 2 and 3. Loring then admitted that he had violated the conditions of supervised release as set forth in the Amended Petition by: (5) using methamphetamine on or about June 22, 2025. Loring's admitted violations, 1, 2, 3, and 5 are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Loring appeared before the Court on July 8, 2025. Loring's violations are Grade C. His criminal history category is I. Loring's underlying offense is a Class B felony. Loring could be incarcerated for up to 36 months. Loring could be ordered

to remain on supervised release for 33 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Loring's supervised release should be revoked. Loring should be sentenced to custody for 7 months, with no term of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Loring that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Loring of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Loring that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That BILL BLUE LORING has violated the conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on March 19, 2025; (2) using methamphetamine on March 22, 2025; (3) entering a casino on March 24, 2025; and (5) using methamphetamine on or about June 22, 2025.

The Court **RECOMMENDS:**

> That the District Court revoke Loring's supervised release and sentence Loring to custody for 7 months, with no term of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 9th day of July 2025.

_____
John Johnston
United States Magistrate Judge